**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JUDY LANKFORD,
Plaintiff-Appellant,

v.

JACK SCHACHTER,

Defendant-Appellee,

and
MICHELLE SCHACHTER,
Defendant.

No. 97-2420

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Paul W. Grimm, Magistrate Judge.
(CA-96-1061-K)

Submitted: November 24, 1998

Decided: January 12, 1999

Before ERVIN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joel DuBoff, Steven R. Hook, DUBOFF & ASSOCIATES, Silver
Spring, Maryland, for Appellant. Mark T. Foley, SASSCER, CLA-
GETT & BUCHER, Upper Marlboro, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Judy Lankford appeals from the district court's order entering judgment upon the jury's verdict in favor of Jack Schachter on her negligence action. Lankford contends that the district court erred in instructing the jury on assumption of the risk. Finding no error, we affirm.

While visiting Schachter at his home in Berlin, Maryland, Lankford tripped over the strap of her husband's gym bag which had been left on the stairway. Lankford testified that, as she descended the stairs, she saw the gym bag sitting on the far left side of the step but did not see the strap. She proceeded down the stairs, moving to the far right side of the step in order to avoid the bag, but the heel of her right shoe caught the strap and she fell. At the close of the evidence, the district court instructed the jury on both contributory negligence and assumption of the risk. The jury returned a verdict in favor of Schachter finding that Lankford assumed the risk of her injuries. Lankford appeals.

In Maryland, assumption of risk is defined as "`an intentional and voluntary exposure to a known danger and, therefore, consent on the part of the plaintiff to relieve the defendant of an obligation of conduct toward him and to take his chances from harm from a particular risk.'" Baltimore Gas & Elec. Co. v. Flippo , 705 A.2d 1144, 1156 (Md. 1998) (quoting Rogers v. Frush, 262 A.2d 549, 554 (Md. 1970)). To establish the defense of assumption of risk, the defendant must prove that the plaintiff "(1) had knowledge of the risk of the danger; (2) appreciated that risk; and (3) voluntarily confronted the risk of danger." Id. (quoting ADM Partnership v. Martin, 702 A.2d 730, 734 (Md. 1997)). Proof of negligence on the part of a plaintiff is not required, nor is it necessary to show the reasonableness of a plaintiff's willingness to encounter a known risk. See Schroyer v.

2

McNeal, 592 A.2d 1119, 1123 (Md. 1991). Although contributory negligence and assumption of risk are "closely related and often over-lap," they are separate, distinguishable defenses. See Baltimore Gas & Elec., 705 A.2d at 1156.

Here, the district court instructed the jury on the elements of assumption of risk as follows: "A person who, with full knowledge and understanding of an existing danger, voluntarily chooses to expose himself or herself to that danger, cannot recover for injury resulting from that danger." We find that the instruction fairly and accurately sets forth the applicable law and that it was supported by the evidence presented at trial. See Odenton Dev. Co. v. Lamy, 575 A.2d 1235, 1239 (Md. 1990). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED